COPY

LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
dhutchinson@lchb.com
Eduardo E. Santacana (State Bar No. 281668)
esantacana@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

MEYER WILSON CO., LPA
Matthew R. Wilson (*pro hac vice* to be filed)
mwilson@meyerwilson.com
Daniel R. Freytag (*pro hac vice* to be filed)
dfreytag@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

2012 SEP 28 PM 12:19

FILED

*Attorneys for Plaintiff Joshua D. Brown*
*and the Proposed Class and Subclass*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA D. BROWN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTV, LLC; THE CMI GROUP, INC., THE CMI GROUP GP, LLC, and CREDIT MANAGEMENT, LP,<br><br>Defendants. | Case No. CV12-8382 -DMG (Ex)<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227, ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT) AND CAL. BUS. & PROF. CODE § 17200, ET SEQ. (UNFAIR COMPETITION LAW)**<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiff Joshua D. Brown, individually and on behalf of all others similarly situated,

makes the following allegations and claims against Defendants DirecTV, LLC, The CMI Group,

Inc., The CMI Group GP, LLC, and Credit Management, LP (collectively, "Defendants"), upon

his personal knowledge, the investigation of his counsel, and information and belief as follows:

**INTRODUCTION**

1.      Plaintiff brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. §64.1200 ("Rules"), and California Business & Professions Code §§ 17200, *et seq.*, the Unfair Competition Law ("UCL"), by Defendants and their present, former, and/or future direct and indirect predecessors, parent companies, subsidiaries, affiliates, agents, and/or related entities.  Defendants have violated the TCPA, Rules, and UCL by making telephone calls to Plaintiff and others similarly situated on their cellular telephones with the use of  "an artificial or prerecorded voice" (collectively, "Artificial Voice") as described in 47 U.S.C. § 227(b)(1)(A) and/or an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), without their prior express consent within the meaning of the TCPA and the Rules.

2.      On December 12, 2005, the United States Department of Justice, acting on behalf of the Federal Trade Commission ("FTC" or "Commission"), filed a complaint for civil penalties and injunctive relief against Defendant DirecTV, LLC ("DirecTV") and telemarketing companies it hired to promote DirecTV programming for violating the TCPA, the FTC Act, and the Do Not Call provisions of the Commission's Telemarketing Sales Rule.  *See* Complaint, *United States v. DirecTV, Inc., et al.*, No. 05-1211 (C.D. Cal. Dec. 12, 2005) ("FTC Complaint").  According to the FTC Complaint, DirecTV engaged several telemarketing firms and individuals that, "acting on behalf of DirecTV," engaged in telemarketing conduct that violated the TCPA.  The FTC Complaint states that DirecTV either knew or consciously avoided knowing the methods by which its telemarketers were promoting DirecTV's programming.

3.      Two days later, on December 14, 2005, DirecTV and its telemarketers settled the FTC charges for $5,335,000, which was, at that time, the largest penalty announced by the FTC for violation of a consumer protection law.  DirecTV also entered into a permanent injunction requiring it, among other things, to monitor all telemarketing campaigns conducted by its authorized telemarketers to confirm that "[n]ot more than three percent (3%) of telemarketing

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF

1059369.1

1   calls answered by a person, measured per day per calling campaign, are being connected to a pre-

2   recorded message in lieu of a live sales call."

3       4.    Notwithstanding these prior violations of the TCPA and the FTC settlement,

4   Defendants have violated the TCPA, Rules, and UCL by making calls to Plaintiff and others

5   similarly situated on their cellular telephones with the use of an Artificial Voice  and/or an ATDS

6   without their prior express consent within the meaning of the TCPA.

7       5.    Plaintiff brings this action for damages, and other legal and equitable remedies,

8   resulting from Defendants' conduct in violation of the TCPA, Rules, and UCL.

9   **JURISDICTION AND VENUE**

10       6.    Pursuant to 28 U.S.C. § 1331, this Court has original subject matter jurisdiction

11   over the claims set forth herein arising under the TCPA and the Rules.

12       7.    In addition, this matter in controversy exceeds $5,000,000, as each member of the

13   proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for

14   each call that violated the TCPA and the Rules.  Accordingly, this Court has jurisdiction pursuant

15   to 28 U.S.C. § 1332(d)(2).  Further, Plaintiff alleges a national Class, which will result in at least

16   one Class member belonging to a different state.  Therefore, both elements of diversity

17   jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court

18   has jurisdiction.

19       8.    Venue is proper in the United States District Court for the Central District of

20   California pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), because Defendants are deemed to

21   reside in any judicial district in which they are subject to personal jurisdiction at the time the

22   action is commenced.  DirecTV resides in and has its principal place of business in the Central

23   District of California.  In addition, Defendants The CMI Group, Inc., The CMI Group GP, LLC,

24   and Credit Management, LP have sufficient contacts with the Central District of California to

25   subject them to personal jurisdiction.

26   **PARTIES**

27       9.    At all times pertinent hereto, Plaintiff Brown resided in Marion, Ohio, though he

28   currently resides in Columbus, Ohio.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF

1059369.1

10.     DirecTV, LLC is a leading provider of digital television entertainment throughout the United States, acquiring, promoting, selling, and distributing digital entertainment programming primarily via satellite to millions of residential and commercial subscribers.

11.     At all times pertinent hereto prior to December 22, 2011, DirecTV, Inc. was a corporation organized and existing under the laws of the State of California.

12.     Since July 2002, DirecTV, LLC has been, and remains, a limited liability company organized and existing under the laws of the State of California and having its principal place of business at 2230 E. Imperial Highway, El Segundo, California 90245.

13.     Effective December 22, 2011, DirecTV, Inc. merged into DirecTV, LLC with the latter becoming the surviving limited liability company; and by virtue of this merger, DirecTV assumed, and succeeded to, all of the liabilities of DirecTV, Inc., including liability for the TCPA and UCL claims alleged herein.

14.     The CMI Group, Inc. is a leading debt collector, employing over 500 call center agents who seek to collect debts via telephone calls made throughout the United States with the use of an Artificial Voice and an ATDS.  The CMI Group, Inc. operates under the trade name "The CMI Group" and uses the logo "CMI."

15.     Since January 1999, The CMI Group, Inc. has been, and remains, a corporation organized and existing under the laws of the State of Nevada and having its principal place of business at 4200 International Parkway, Carrollton, Texas 75007.

16.     Since December 2001, The CMI Group GP, LLC has been, and remains, a limited liability company organized and existing under the laws of the State of Nevada and having its principal place of business at 4200 International Parkway, Carrollton, Texas 75007.

17.     Since December 2001, Credit Management, LP, has been, and remains, a limited liability organized and existing under the laws of the State of Nevada and having its principal place of business at 4200 International Parkway, Carrollton, Texas 75007.

18.     The general partner of Credit Management, LP is The CMI Group GP, LLC, and the limited partner of Credit Management, LP is non-party The CMI Group Limited Partner,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

1   LLC.  The CMI Group, Inc. wholly owns The CMI Group GP, LLC and The CMI Group Limited

2   Partner, LLC.

3        19.    As the general partner of Credit Management, LP, The CMI Group GP, LLC is

4   jointly and severally liable for all of the liabilities of Credit Management, LP, including liability

5   for the TCPA claims alleged herein.

6        20.    At all times pertinent hereto, Credit Management, LP has acted within the course

7   and scope of an agency relationship with The CMI Group, Inc., seeking to collect debts on behalf

8   of The CMI Group, Inc.'s creditor clients (including DirecTV), as directed by The CMI Group,

9   Inc., via telephone calls made throughout the United States with the use of an Artificial Voice and

10   an ATDS.  Accordingly, The CMI Group, Inc. is jointly and severally liable for all of the

11   liabilities of Credit Management, LP, including liability for the TCPA claims alleged herein.

12        21.    The CMI Group, Inc. and Credit Management, LP hold themselves out to the

13   public as a single economic enterprise, and they function as a single economic enterprise

14   dominated by The CMI Group, Inc.  Accordingly, The CMI Group, Inc. is jointly and severally

15   for all of the liabilities of Credit Management, LP, including liability for the TCPA claims alleged

16   herein.

17        22.    An example of this single economic enterprise is that The CMI Group, Inc.'s logo

18   "CMI" appears on some letterhead used by Credit Management, LP to write debtors seeking

19   payment on alleged debts.  And the debtors from whom Credit Management, LP seeks to collect

20   are assigned an individual "CMI Reference #."

21        23.    In addition, The CMI Group, Inc.'s public website (http://thecmigroup.com) states,

22   "If you have a dispute or concern about your account that is placed with Credit Management, LP

23   please contact our office."  Furthermore, that website also states, "Are you a current customer

24   looking to pay your bill online?" and then displays a "Customer Bill Pay Online" link to "Credit

25   Management, LP's pay online public website (http://wwwcmipayonline.com).

26        24.    Aside from being identified as Credit Management's Pay Online website

27   copyrighted by "Credit Management, LP," Credit Management, LP's pay online public website

28   (http://wwwcmipayonline.com) also identifies the website as "CMI's Pay Online"; displays The

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF

CMI Group, Inc.'s logo (*i.e.*, "CMI") and trade name (*i.e.*, "the CMI Group"); and instructs debtors to mail or fax account disputes and balance inquiries to "CMI, Attn: Resolutions Department, 4200 International Parkway, Carrollton, TX 75007."

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. § 227

25.     In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

26.     The TCPA regulates, among other things, the use of Artificial Voice and ATDS. Specifically, the plain language of section 227(b)(1)(A) prohibits the use of an ATDS to make any call to a wireless number, or to use an Artificial Voice during such a call, in the absence of an emergency or the prior express consent of the called party.[2]

27.     According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, telephone calls using an Artificial Voice or an ATDS are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

28.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that Artificial Voice and ATDS debt collection calls to a wireless number by a creditor or a debt collector are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF

1059369.1

1  wireless number was provided by the consumer to the creditor, and that such number was

2  provided during the transaction that resulted in the debt owed."[5]

3      29.    The Declaratory Ruling further dictates that:  "a creditor on whose behalf an

4  autodialed or prerecorded message call is made to a wireless number bears the responsibility for

5  any violation of the Commission's rules.  Calls placed by a third party collector on behalf of that

6  creditor are treated as if the creditor itself placed the call."[6]

7      30.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the

8  burden is on Defendants to demonstrate that Plaintiff and Class Members (as defined below) gave

9  their prior express consent to an Artificial Voice or an ATDS call to their cell phone within the

10  meaning of the statute.[7]

11  ### FACTUAL ALLEGATIONS

12      31.    At all times pertinent hereto, DirecTV has carried on its business by engaging

13  third-party debt collectors, including but not limited to Credit Management, LP (collectively,

14  "DirecTV Debt Collectors") who, acting on behalf of DirecTV, have made telephone calls to the

15  cellular telephones of consumers for purposes of collecting debts allegedly owed by them to

16  DirecTV.  DirecTV has controlled or had the right to control the DirecTV Debt Collectors,

17  including through written contracts that require DirecTV Debt Collectors to collect debt on behalf

18  of DirecTV and by supplying the DirecTV Debt Collectors with the names and/or telephone

19  numbers of consumers to be called.  DirecTV has directly benefitted from such calls because,

20  among other reasons, DirecTV Debt Collectors request that consumers pay such debts directly to

21  DirecTV and DirecTV has received payments pursuant to such requests.

22      32.    At all times pertinent hereto, The CMI Group, Inc. and Credit Management have

23  carried on their joint debt collection business, by having Credit Management, LP make telephone

24  calls to the cellular telephones of consumers for purposes of collecting debts allegedly owed by

25  them to DirecTV and other creditors.

26

27  _____

28  [5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564–65 (¶ 10).
    [6] *Id.*
    [7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

- 7 -

**I.      First Challenged Practice: DirecTV Debt Collectors' Calls To Cellular Telephones Using An Artificial Voice And/Or An ATDS**

33.     At all times pertinent hereto, the DirecTV Debt Collectors, including Credit Management, LP, have utilized an Artificial Voice during debt collection calls made on behalf of DirecTV to the cellular telephones of consumers who had not, during the transaction that resulted in the debt, previously given DirecTV express consent to receive such calls.

34.     Calls utilizing an Artificial Voice allow DirecTV to collect more debt.

35.     At all times pertinent hereto, DirecTV has been aware that its DirecTV Debt Collectors have utilized an Artificial Voice during debt collection calls made on behalf of DirecTV.  For example, prior to March 26, 2012, The CMI Group, Inc.'s public website (http://thecmigroup.com) stated that one of The CMI Group's  "industry innovations" was "'agentless' recorded messages as reminders."

36.     At all times pertinent hereto, DirecTV Debt Collectors, including Credit Management, LP, have also utilized an ATDS, including a predictive dialer, to make debt collection calls on behalf of Defendant DirecTV to the cellular telephones of consumers who had not, during the transaction that resulted in the debt, previously given DirecTV express consent to receive such calls.

37.     A predictive dialer is an ATDS within the meaning of the TCPA, because it is equipment that, when paired with certain computer software, has the capacity to store or produce telephone numbers to be called and without human intervention to dial such numbers at random, in sequential order, and/or from a database of numbers.

38.     DirecTV has entered into written contracts with its DirecTV Debt Collectors to use predictive dialers.  For example, the terms of the Collection Services Agreement utilized by Credit Management, LP require that consumers be contacted "via mail and predictive dialer in an effort to collect on past due balances."  *See Lee v. Credit Management, LP*, 2012 WL 113793, at *11 & n. 17 (S.D. Texas 2012).

39.     Calls utilizing an ATDS allow DirecTV to collect more debt.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

40.     At all times pertinent hereto, DirecTV has been aware that its DirecTV Debt Collectors have utilized an ATDS because, *inter alia*, the use of an ATDS is standard industry practice among third-party debt collectors and because The CMI Group, Inc. detailed The CMI Group's debt collection techniques on its public website.  For example, prior to March 26, 2012, The CMI Group, Inc.'s public website (http://thecmigroup.com) stated (A) that The CMI Group's "predictive dialer enables us to reach more of our client's customers while maintaining a cost-effective approach" and (B) that The CMI Group's "dialer *** completes call campaigns more quickly *** conducts the most effective calling strategies ***."

41.     On information and belief, within the past four years, DirecTV Debt Collectors have made thousands of Artificial Voice and/or ATDS calls on behalf of DirecTV to the cellular telephones of consumers who had not, during the transaction that resulted in the debt, previously given DirecTV prior express consent to receive such calls.

## II.     Second Challenged Practice: Credit Management, LP Making Calls To Cellular Telephones Using An Artificial Voice And/Or An ATDS

42.     At all times pertinent hereto, Credit Management, LP, has utilized an Artificial Voice during debt collection calls made on behalf of DirecTV to the cellular telephones of consumers who had not, during the transaction that resulted in the debt, previously given DirecTV consent to receive such calls.

43.     At all times pertinent hereto, Credit Management, LP, has also utilized an ATDS, including a predictive dialer, to make debt collection calls on behalf of DirecTV to the cellular telephones of consumers who had not, during the transaction that resulted in the debt, previously given DirecTV express consent to receive such calls.

44.     On information and belief, within the past four years, Credit Management, LP has made thousands of Artificial Voice and/or ATDS calls on behalf of DirecTV to the cellular telephones of consumers who had not, during the transaction that resulted in the debt, previously given DirecTV prior express consent to receive such calls.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

III.    **Plaintiff Brown**

45.    Plaintiff Brown is a "person" as defined by 47 U.S.C. § 153(39).

46.    In approximately July 2008, Plaintiff Brown opened an account with DirecTV, (then DirecTV, Inc.) for digital television entertainment services.

47.    In approximately July 2009, Plaintiff Brown closed his DirecTV account.

48.    In September 2011, Plaintiff Brown opened an account with Virgin Mobile for cellular telephone services and obtained a new cellular telephone.

49.    At the same time, Virgin Mobile assigned to Plaintiff Brown's cellular telephone a cellular telephone number never previously assigned to him.

50.    At no time has Plaintiff Brown provided his Virgin Mobile cellular telephone number to Defendants.  Rather, on information and belief, Defendants apparently obtained Plaintiff Brown's cellular telephone number through skip-tracing methods.

51.    At no time has Plaintiff Brown expressly consented to have Defendants make Artificial Voice telephone calls to him on his Virgin Mobile cellular telephone.

52.    At no time has Plaintiff Brown expressly consented to have Defendants call his Virgin Mobile cellular telephone via an ATDS.

53.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided prior express consent within the meaning of the statute.[8]

54.    At all times pertinent hereto, Plaintiff Brown paid for the aforesaid Virgin Mobile cellular telephone services.

55.    On or about January 18, 2011, Credit Management, LP notified Plaintiff Brown in writing that DirecTV (then DirecTV, Inc.) claimed that he owed $479.31 to DirecTV (an allegation denied by Plaintiff Brown).

56.    On or about January 18, 2011, Credit Management, LP, acting on behalf of DirecTV, knowingly or willfully made the first of a series of telephone calls to Plaintiff Brown's Virgin Mobile cellular telephone in an effort to collect the alleged DirecTV debt from him.

_____

[8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

- 10 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

57. On February 15, 2011, Plaintiff Brown mailed to Credit Management, LP via certified U.S. Mail, postage prepaid, the letter attached hereto as Exhibit A ("Letter"), which reads in part:

> "I would also like to request, in writing, that no telephone contact is to be made by your office to my home or any other phone number. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS."

58. The certified mail receipt for the mailing of the Letter via certified U.S. Mail is attached hereto as Exhibit B.

59. Credit Management, LP received the Letter on or before February 18, 2011.

60. Notwithstanding receipt of the Letter, Credit Management, LP acting on behalf of DirecTV, knowingly or willfully made ten more calls to Plaintiff Brown's Virgin Mobile cellular phone between February 19, 2011, and March 3, 2011, in an effort to collect the alleged DirecTV debt from him.

61. Credit Management, LP, acting on behalf of DirecTV, utilized an ATDS, including a predictive dialer, to make all of the calls described above.

62. Credit Management, LP, acting on behalf of DirecTV, utilized an Artificial Voice during at least some of the calls described above.

63. All of the calls described above were made by Credit Management, LP, on behalf of DirecTV, to Plaintiff Brown's Virgin Mobile cellular telephone solely to collect a debt allegedly owed to DirecTV.

## **CLASS ACTION ALLEGATIONS**

64. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated consisting of one class and one subclass (respectively, the "Class" and the "Subclass").

65. Plaintiff proposes the following class definition for the Class, subject to amendment as appropriate:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

> All persons residing within the United States who, on or after four years prior to the filing of this action, received a non-emergency telephone call(s) from DirecTV and/or its third-party debt collectors regarding a debt allegedly owed to DirecTV, to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such call(s) during the transaction that resulted in the debt owed.

Plaintiff represents, and is a member of, the Class. Excluded from the Class are DirecTV and any entities in which DirecTV has a controlling interest, DirecTV's' agents and employees, any Judge and Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families, and claims for personal injury, wrongful death, and/or emotional distress.

66.    Plaintiff proposes the following class definition for the Subclass, subject to amendment as appropriate:

> All persons residing within the United States who, on or after four years prior to the filing of this action, received a non-emergency telephone call(s) from Credit Management, LP regarding a debt allegedly owed to DirecTV, to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such call(s) during the transaction that resulted in the debt owed.

Plaintiff represents, and is a member of, the Subclass. Excluded from the Subclass are Credit Management, LP, The CMI Group, Inc., The CMI Group GP, LLC, The CMI Group Limited Partner, LLC, the agents and employees of the foregoing entities, any Judge and Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families, and claims for personal injury, wrongful death, and/or emotional distress.

67.    Plaintiff does not know the exact number of members in the Class or the Subclass, but based upon the representations of Defendants regarding their sales and market share, number of employees, and/or territorial scope of operations, Plaintiff reasonably believes that Class and Subclass members number at minimum in the tens of thousands.

68.    The identity of the Class and Subclass members can be readily ascertained from the records of Defendants.

69.    Plaintiff and all members of the Class and the Subclass have been harmed by the acts of Defendants in that many of them were charged additional money for the cell phone

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

1    minutes taken up by Defendant's illegal calls, and all have had their privacy invaded and been

2    inconvenienced by such calls.

3    70.    This Class Action Complaint seeks injunctive relief, declaratory relief, and

4    damages.

5    71.    The joinder of all Class and Subclass members is impracticable due to the size of

6    each class and the relatively modest value of each individual claim.  The disposition of the claims

7    in a class action will provide substantial benefit to the parties and the Court in avoiding a

8    multiplicity of identical suits.

9    72.    There are well-defined, nearly identical, questions of law and fact affecting all

10    parties.  The questions of law and fact involving the class claims predominate over questions

11    which may affect individual Class and Subclass members.  Those common questions of law and

12    fact include, but are not limited to, the following:

13    a.    Whether the non-emergency calls made to Plaintiff's, Class members', and

14    Subclass  members' cellular telephones used an ATDS and/or an Artificial Voice;

15    b.    Whether such calls were made by or on behalf of Defendants;

16    c.    Whether the Defendants can meet their burden of showing they obtained

17    prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction

18    that resulted in the debt owed, to make such calls;

19    d.    Whether the Defendants' conduct was knowing and/or willful;

20    e.    Whether the Defendants are liable for damages, and the amount of such

21    damages; and

22    f.    Whether the Defendants should be enjoined from engaging in such conduct

23    in the future.

24    73.    As a person who received numerous and repeated telephone calls using an ATDS

25    and/or an Artificial Voice, without his prior express consent within the meaning of the TCPA,

26    Plaintiff asserts claims that are typical of each Class and Subclass member.  Plaintiff will fairly

27    and adequately represent and protect the interests of the Class and Subclass, and has no interests

28    which are antagonistic to any member of the Class or the Subclass.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

74.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including class action claims under the TCPA and UCL.

75.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendants to comply with the TCPA, Rules, and UCL.  The interest of Class and Subclass members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA, Rules, and UCL are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class and Subclass members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

76.     Defendants have acted on grounds generally applicable to the Class and Subclass, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class and Subclass as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA, Rules, and UCL violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## INAPPLICABLE AND/OR UNENFORCEABLE ARBITRATION CLAUSE

77.     On information and belief, during the relevant time period DirecTV has sought to impose a standard take-it-or-leave-it arbitration clause in some underlying contracts with certain Class and/or Subclass members and/or in a subsequent "bill-stuffers" sent after the contractual relationship arose, which states that "all Claims relating to your account" may be subject to arbitration.

78.     Any such purported arbitration clause is not enforceable or applicable to the TCPA and Rules claims at issue here.  By its express terms, the arbitration clause is limited to claims that relate to a DirecTV account.  Calling a consumer's phone number in a manner that violates the TCPA and Rules does not relate to the consumer's account.  *See In re Jiffy Lube Int'l, Inc.*, ---F. Supp. 2d ---, Case No. 11-md-2261-JM-JMA, 2012 U.S. Dist. LEXIS 31926, at *27-28 (S.D.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  Cal. Mar. 8, 2012) (refusing to compel arbitration of TCPA claim where an "incredibly broad"

2  arbitration clause encompassed "any and all disputes, controversies or claims (including breach of

3  warranty, contract, tort or any other claim)").  The arbitration clause is therefore separate and

4  independent of Plaintiffs' TCPA and Rules claims here, such that Plaintiff and the Class and

5  Subclass members did not agree to arbitrate their claims with respect to the TCPA and Rules.

6      79.    DirecTV's arbitration clause is also unenforceable because it is unconscionable:

7  DirecTV's arbitration clause imposes significant burdens on its customers with respect to

8  arbitration, including the imposition of foreign law, distant arbitration forums, and outsized costs.

9  This is precisely why DirecTV's arbitration clause has been held unenforceable by several courts,

10  including the Ninth Circuit Court of Appeals.  *See, e.g., Masters v. DirecTV, Inc.*, Case Nos . 08-

11  55825 and 08-55830., 2009 WL 4885132 (9th Cir. Nov. 19, 2009).

12      80.    DirecTV's arbitration clause prevents its customers from vindicating their federal

13  statutory rights under the TCPA and Rules, and is therefore unenforceable as against public

14  policy.

15      81.    Plaintiff's UCL claims for injunctive relief against DirecTV are not arbitrable.

16  *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1088 (Cal. 1999); *Cruz v. PacifiCare Health*

17  *Systems, Inc.*, 30 Cal. 4th 303, 316 (Cal. 2003).

18                          **CHOICE OF LAW**

19      82.    California law applies to Plaintiff's UCL claims because (1) DirecTV resides in

20  California; (2) the application of foreign law, such as the law of Ohio where Plaintiff resides, is

21  contrary to California's public policy holding inarbitrable claims under California's Unfair

22  Competition Law for injunctive relief because Ohio and certain other states do not have the same

23  public policy invalidating such arbitration agreements, *see Broughton v. Cigna Healthplans*, 21

24  Cal. 4th 1066, 1088 (Cal. 1999); *Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal. 4th 303, 316

25  (Cal. 2003); and (3) California has a materially greater interest in the application of its law and

26  the resolution of this case because DirecTV resides in California and DirecTV designed and

27  implemented its illegal course of conduct in California.

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

83.    DirecTV's customer service agreement contains an unenforceable choice of law clause, which purports to apply the law of the state of plaintiff's residence.  For these reasons, DirecTV's exact choice of law clause at issue in this case has been held unenforceable by the Central District of California and the Ninth Circuit Court of Appeals.  *See Murphy v. DirecTV, Inc.*, 2008 U.S. Dist. LEXIS 123186, at *11–18 (C.D. Cal. May 9, 2008) (*affirmed by Masters v. DirecTV, Inc*., 2009 U.S. App. LEXIS 25479 (9th Cir. Nov. 19, 2009)).

## CAUSES OF ACTION

## FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*., AND THE FCC RULES PROMULGATED THEREUNDER, 47 C.F.R. §64.1200

**(On Behalf of Plaintiff and All Class and Subclass Members Against All Defendants)**

84.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

85.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA and Rules, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

86.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. §64.1200, Plaintiff and members of the Class and Subclass are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute and Rules, pursuant to 47 U.S.C. § 227(b)(3)(C).

87.    Plaintiffs and all Class and Subclass members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA and Rules by Defendants in the future.

88.    Plaintiffs and Class and Subclass members are also entitled to an award of attorneys' fees and costs.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

**SECOND COUNT**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*., AND THE FCC RULES PROMULGATED THEREUNDER, 47 C.F.R. §64.1200**

**(On Behalf of Plaintiff and All Class and Subclass Members Against All Defendants)**

89.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

90.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA and Rules, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

91.    As a result of Defendants violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. §64.1200 Plaintiff and Class and Subclass members are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute and Rules, pursuant to 47 U.S.C. § 227(b)(3)(B).

92.    Plaintiff and Class and Subclass members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA and Rules in the future.

93.    Plaintiff and Class and Subclass members are also entitled to an award of attorneys' fees and costs.

**THIRD COUNT**

**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE SECTION 17200, ET SEQ.**

**(On Behalf of Plaintiff and All Class Members Against Defendant DirecTV, LLC Only)**

94.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

95.    Defendant DirecTV's practice of making telephone calls to Plaintiff and members of the Class on their cellular telephones with the use an Artificial Voice and/or an ATDS without their prior express consent within the meaning of the TCPA and the Rules violates 47 U.S.C. § 227 *et seq.*, and the Rules promulgated thereunder.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

96.     Defendant DirecTV's conduct described herein violates Cal. Bus & Prof. Code § 17200 *et seq*. (the "UCL") in the following respects:

a.      Defendant DirecTV's hiring of and supervision of debt collectors employing automated and predictive dialing techniques to harass Plaintiff and members of the Class is unlawful and a violation of the UCL.

b.      Defendant DirecTV's use of automated and predictive dialing techniques to harass Plaintiff and members of the Class is unlawful and a violation of the UCL.

c.      Each of Defendant DirecTV's violations of the TCPA and Rules constitute a separate and independent violation of the UCL because such conduct was illegal and unfair competition within the meaning of the UCL.

97.     The harm to Plaintiff and the Class arising from Defendant DirecTV's illegal practices outweighs the utility, if any, of those practices.

98.     The illegal business practices of Defendant DirecTV are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff and members of the Class.

99.     Unless restrained by this Court, Defendant DirecTV will continue to engage in the illegal acts and practices alleged above.

100.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs and the Class are therefore entitled to:

a.      an Order requiring Defendant DirecTV to cease the unlawful acts alleged herein; and

b.      payment of their attorneys' fees and costs pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class and Subclass members the following relief against Defendants:

A.      Injunctive relief prohibiting such violations of the TCPA, Rules, and UCL by Defendants in the future;

B.      As a result of Defendants' willful and/or knowing violations of 47 U.S.C.

- 18 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

§ 227(b)(1) and 47 C.F.R. §64.1200, Plaintiff seeks for himself and each Class and Subclass member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA and Rules;

   C.     As a result of Defendants' violations of 47 U.S.C. § 227(b)(1) and 47 C.F.R. §64.1200, Plaintiff seeks for himself and each Class and Subclass member $500.00 in statutory damages for each and every call that violated the TCPA and Rules;

   D.     An award of reasonable attorneys' fees and costs to counsel for Plaintiff and the Class and Subclass;

   E.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Class and Subclass, as the Court deems appropriate, finding that Plaintiff is a proper representative of the Class and Subclass, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class and Subclass; and

   F.     Such other relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

   Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: September 27, 2012          Respectfully submitted,


                                   By: */s/ Daniel M. Hutchinson*
                                        Daniel M. Hutchinson

                                   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                   Daniel M. Hutchinson (State Bar No. 239458)
                                   dhutchinson@lchb.com
                                   Eduardo E. Santacana (State Bar No. 281668)
                                   esantacana@lchb.com
                                   275 Battery Street, 29th Floor
                                   San Francisco, CA  94111-3339
                                   Telephone:  415.956.1000
                                   Facsimile:  415.956.1008

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1059369.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592


MEYER WILSON CO., LPA
Matthew R. Wilson (*pro hac vice* to be filed)
mwilson@meyerwilson.com
Daniel R. Freytag (*pro hac vice* to be
filed)
dfreytag@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

*Attorneys for Plaintiff Joshua D. Brown
and the Proposed Class and Subclass*

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF

1059369.1

# EXHIBIT A

February 14, 2011

Joshua Brown
985 Congress Ave
Marion, OH 43302

Credit Management
4200 International Pkwy.
Carrollton, TX 75007

CMI Reference # 0458658981
Creditor: 480000-DIRECTV
Acount # 051350465
Total Balance Due: 479.31

**To Whom It May Concern:**

This letter is being sent to you in response to a notice sent to me on January 18, 2011. Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

1. What the money you say I owe is for;
2. Explain and show me how you calculated what you say I owe;
3. Provide me with copies of any papers that show I agreed to pay what you say I owe;
4. Provide a verification or copy of any judgment if applicable;
5. Show me that you are licensed to collect in my state
6. Provide me with your license numbers and Registered Agent

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company, or the company that you represent, I will not hesitate bringing legal action against you for the following:

Violation of the Fair Credit Reporting Act
Violation of the Fair Debt Collection Practices Act
Defamation of Character
If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact is to be made by your office to my home or any other phone number. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best Regards,

Joshua Brown

# EXHIBIT B



**COPY**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)

Joshua Brown, on behalf of himself and all others similarly situated.

**DEFENDANTS**

DirecTV, LLC; The CMI Group, Inc.; The CMI Group GP, LLC; Credit Management, LP

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor     Daniel Hutchinson
San Francisco, CA 94111            415-956-1000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   □ No        □ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

47 U.S.C. § 227

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | | □ 310 Airplane | PERSONAL PROPERTY | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | | □ 315 Airplane Product Liability | □ 370 Other Fraud | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | | □ 320 Assault, Libel & Slander | □ 371 Truth in Lending | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | | □ 330 Fed. Employers' Liability | □ 380 Other Personal Property Damage | □ 540 Mandamus/Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | | □ 340 Marine | □ 385 Property Damage Product Liability | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | | □ 345 Marine Product Liability | BANKRUPTCY | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | □ 350 Motor Vehicle | □ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | | □ 355 Motor Vehicle Product Liability | □ 423 Withdrawal 28 USC 157 | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | | □ 360 Other Personal Injury | CIVIL RIGHTS | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/Exchange | □ 160 Stockholders' Suits | | □ 362 Personal Injury-Med Malpractice | □ 441 Voting | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | | □ 365 Personal Injury-Product Liability | □ 442 Employment | □ 630 Liquor Laws | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | □ 195 Contract Product Liability | | □ 368 Asbestos Personal Injury Product Liability | □ 443 Housing/Accommodations | □ 640 R.R. & Truck | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | | | □ 444 Welfare | □ 650 Airline Regs | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | | IMMIGRATION | □ 445 American with Disabilities - Employment | □ 660 Occupational Safety /Health | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 690 Other | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | | □ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 240 Torts to Land | | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | | |

**CV12-8382**

FOR OFFICE USE ONLY:     Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                      CIVIL COVER SHEET                                      Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose**.**
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved                                                                      .

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Daniel Hutch_                    **Date** 9/28/12

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 8382 DMG (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendents (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**ORIGINAL**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California 

Joshua Brown, on behalf of himself and all others
similarly situated.

)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*

v.

Civil Action No. **CV12-8382** -DMG
(EX)

DirecTV, LLC; The CMI Group, Inc.; The CMI Group
GP, LLC; Credit Managment, LP.

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    DirecTV, LLC
Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE 19808

The CMI Group, Inc.; The CMI Group, GP, LLC; Credit Management, LP
The Corporation Trust Company of Nevada
311 S. Division St., Carson City, NV 89703

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Daniel M. Hutchinson
LIEFF CABRASER HEIMANN BERSTEIN, LLP
275 Battery St., 29th Floor
San Francisco, CA 94111

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: ___SEP 2 8 2012___          _____
                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: